LANIER, Judge.
Charity Hospital of Louisiana at New Orleans (CHNO) has moved to dismiss this appeal on the ground that the action has been abated by the death of appellant, Merlin Brisset.
FACTS
Merlin Brisset was employed by the Department of Health and Human Resources at CHNO as a hospital executive housekeeper. By memorandum dated March 22, 1983, Brisset was notified by his supervisor that because of his sick leave record from March 1982 through February 1983, he would be required to present a doctor’s certificate for all future instances of sick leave. This directive was made pursuant to CHNO’s leave policy.[1] Brisset filed a pro se appeal from this action claiming the following:
(1) It is discriminatory in that other department heads are not required to produce a doctor’s certification when using sick leave.
(2) It is arbitrary and capricious in that CHNO leave Policy IV F requires that my supervisor notify me in writing that he has determined that I am abusing sick leave. I have never received such notice and affirmatively allege that no such was given.
(3) CHNO leave Policy IV F is contrary to the rules and regulations of the Civil Service Commission and viola-tive thereof as applied to me.
(4) It is a continuation of the actions of my immediate supervisors of the long-running conflict motivated by nonmerit factors as specifically found to be contrary to law by the Civil Service Commission in its decision No. 2064, Appeal of Merlin Brisset.
As relief, Brisset prayed that the memorandum be expunged from his personnel folder and destroyed; the appointing authority be enjoined from committing any further discriminatory acts; reasonable attorney fees be awarded for prosecution of the appeal; and he be awarded all general and equitable relief. CHNO filed a motion for summary disposition of Brisset’s appeal.
The Civil Service Commission referee ruled as a matter of law that Brisset had no right to appeal under Civil Service Rules *506 13.10(j) and (k)[2] since Brisset was “not appealing an unsatisfactory service rating nor has he been subjected to any adverse action based solely on the grounds assigned for an unsatisfactory service rating.” The referee further found no disciplinary action had been taken against Bris-set; the appointing authority had not abused its discretion, granted by Civil Service Rule 11.14,[3] by predicating the request for a doctor’s certificate on a pattern of “abusive” leave usage; and Brisset failed to allege specific facts in support of his claim of discrimination, as required by Civil Service Rule 13.11(d).
Based on these findings, the referee granted appellee’s motion for summary disposition. The referee also ordered that the memorandum be removed from Brisset’s official personnel folder as being inappropriate because no disciplinary action had been taken. However, the referee noted that her opinion did not prevent placing the memorandum in a productivity file maintained by Brisset’s supervisor.
Brisset filed an application for review of the referee’s decision which was denied by the Commission on December 23,1983. On that same day, Brisset filed another request for attorney fees with the Commission which was denied by the Commission as being untimely filed.[4]
From the final decision of the Commission, Brisset took an appeal to this Court in which he raised the following assignments of error:
1. The Civil Service Commission was in error in denying appellants application for review of the decision of the referee.
2. The referee was in error in granting appellee’s request for summary disposition based on a finding that appellant applicant had no right to an appeal.
3. The referee was in error in holding that appellant had not been subjected to any adverse action.
4. The referee was in error in holding that the placement of the complained of memorandum in appellant’s official personnel records was merely ‘inappropriate,’ but nevertheless could be placed in a ‘productivity file maintained by appellant’s supervisor.’
5. The referee was in error in holding that appellant failed to allege specific facts in support of a conclusion of discrimination.
6. The Commission erred in finding applicant’s request for attorney’s fees untimely.
Brisset died on February 18, 1984, while the appeal was still pending before this Court. Pursuant to La.C.C.P. art. 801 and Rule 2-9, Uniform Rules — Courts of Appeal, Brisset’s heirs moved to substitute themselves as appellants. CHNO filed a motion to dismiss the appeal on the ground that Brisset’s action was strictly personal to him and abated upon his death. In opposition to the motion to dismiss, appellants argue that Brisset’s action is herita *507 ble because they have an interest m insuring that Brisset’s name remains untarnished and in the attorney fees requested by Brisset for the prosecution of the appeal.
ABATEMENT OF APPEAL
La.C.C.P. art. 428 provides for the abatement of an action upon death as follows:
An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal. (Emphasis added).
A strictly personal obligation is defined in La.C.C. art. 1997, in pertinent part, as follows:
An obligation is strictly personal, when none but the obligee can enforce the performance, or when it can be enforced only against the obligor.
Thus, the appeal should be dismissed only if the relief sought by Brisset was strictly personal to him.
The CHNO action about which Brisset complained was a memorandum requiring" him to justify all future instances of sick leave with a doctor’s certificate. The requirements of the memorandum affected only Brisset personally and abated with his death. Since the questioned memorandum only affected Brisset personally, the relief sought was strictly personal to Brisset and also abated on his death.
DECREE
For the foregoing reasons, the appeal herein abated with the death of the appellant and is dismissed at appellants’ costs.
APPEAL DISMISSED.

. Paragraph IV(F) of CHNO’s leave policy provides as follows:
Supervisors will review sick leavfc records of employees at least once each quarter to determine whether there is a pattern indicating excessive use of sick leave. Records of employees using sick leave immediately before or after weekends, holidays, or days off will be carefully examined. When the Department Head determines that any employee is abusing sick leave, he will notify the employee in writing of this determination and of the fact that further abuse may be cause for disciplinary action, denial of merit increases, or assignment of an unsatisfactory service rating. In addition, employees who have been determined to have abused sick leave may be required to submit a physician’s statement to support any future occasion of illness, regardless of length.

. Civil Service Rules 13.10Q) and (k) provide for an appeal to the Commission by:
(j) Any person seeking a review of a decision made by an appointing authority under the provisions of Rule 10.4.
(k) Any person in the Classified Service who alleges that he has been demoted, dismissed, discriminated against, or subjected to any disciplinary action based solely on the grounds assigned for an unsatisfactory service rating.

. Civil Service Rule 11.14 provides as follows:
An employee who has taken sick leave shall file with his appointing authority a certificate stating the cause of his absence and the amount of time taken. The appointing authority may require a statement from a registered physician or some other acceptable proof that the employee was ill and unable to report to work.

'. Civil Service Rule 13.35(c) provides:
(c) No request for attorney’s fees will be considered after a final decision concerning the appeal or the disciplinary action that is the subject ¿hereof is rendered by the Commission or after a referee’s decision becomes the final decision of the Commission.
(Emphasis added).
The referee’s decision becomes the final decision of the Commission as of the date that the application for review is denied. La. Const, of 1974, art. X, § 12(A).